UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH BIAGIONI | ) |
|           Plaintiff, | ) CIVIL ACTION NO.: |
| v. | ) |
| MASSACHUSETTS BAY COMMUTER RAIL COMPANY, LLC. a/k/a MBCR | ) |
| and | ) JURY TRIAL DEMANDED |
| MASSACHUSETTS BAY TRANSPORTATION AUTHORITY a/k/a MBTA | ) |
|           Defendants. | ) |

## COMPLAINT

COMES NOW, Plaintiff Joseph Biagioni, by and through his undersigned counsel, MyersLafferty Law Offices, P.C., and claims of the defendants, Massachusetts Bay Commuter Rail Company, LLC and Massachusetts Bay Transportation Authority, an amount in excess of the statutory arbitration limits, and avers the following:

1. Plaintiff Joseph Biagioni is an adult individual residing at 7 Darby Street, Tewksbury, Massachusetts, 01876.

2. Defendant Massachusetts Bay Commuter Rail Company, LLC ("MBCR"), is and was at all times material hereto, a corporation duly organized and existing under and by virtue of law and was engaged in owning and operating a line and system of railroads and railroad properties as a common carrier of goods and passengers for hire in interstate com-

merce and transportation in, through and between various and several states of the United States and with a principal place of business in Boston, Massachusetts.

3. Defendant Massachusetts Bay Transportation Authority ("MBTA"), is and was at all times material hereto, a corporation duly organized and existing under and by virtue of law and was engaged in owning and operating a line and system of railroads and railroad properties as a common carrier of goods and passengers for hire in interstate commerce and transportation in, through and between various and several states of the United States and with a principal place of business in Boston, Massachusetts.

### Nature of the Action, Jurisdiction and Venue

4. Mr. Biagioni's cause of action against MBCR arises under the Act of Congress of April 22, 1908, 35 Stat. 65, Chapter 149, and amendments thereto, codified at 45 U.S.C. Section 51 et seq., and commonly known as the Federal Employers' Liability Act (the "FELA").

5. Mr. Biagioni's cause of action against MBTA arises under the common law of the Commonwealth of Massachusettes.

6. This Court has jurisdiction over Mr. Biagioni's action against MBCR pursuant to pursuant to 28 U.S.C. §1331, and 45 U.S.C. Section 56.

7. This Court has pendent jurisdiction over Mr. Biagioni's action against MBTA pursuant to Article III, Section 2 of the United States Constitution.

8. This Court has personal jurisdiction over MBCR and MBTA; both defendants carry on a continuous and systematic part of their general business within this Commonwealth.

## COUNT I: FELA
### (Joseph Biagioni v. MBCR)

9. Plaintiff Joseph Biagioni hereby restates and reavers as though fully set forth herein the averments contained in Paragraphs 1-8 hereinabove.

10. At all times material hereto, Mr. Biagioni was in the employ of the defendant MBCR as a conductor in furtherance of the MBCR's business of interstate commerce and transportation by railroad.

11. Under the FELA, MBCR owes to its employees, including Mr. Biagioni, the obligation to exercise reasonable care to provide a safe place to work, and this duty includes the duty to provide safe equipment, including safe walkways.

12. On or about August 15, 2008, while in the course and scope of his employment, Mr. Biagioni was performing his duties as a Conductor in the Fitchburg Yard in Fitchburg, Massachusetts. As Mr. Biagioni was getting off a train car in the yard, he stepped down onto ballast, when his right foot was caused to move, twisting his right foot. The ballast was not level, large and not the smaller walking ballast that is required in designated walk areas.

13. Mr. Biagioni's accident and injuries were caused by the MBCR's breach of the duties it owed to Mr. Biagioni under the FELA as follows:

    (a)    failing to keep the subject normal and usual walkway area free from obstructions and open as a safe path for employees to use while traversing the yard

and track area;

(b) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work by requiring plaintiff to perform his assigned job tasks in an area made unsafe due to the presence of a large, unsecured ballast;

(c) failing to warn plaintiff of the dangerous and/or hazardous condition of the yard, including but not limited to the walkway and surrounding yard area which was made unsafe and hazardous due to the presence of the large and not level ballast;

(d) failing to use the proper smaller walking ballast in the yard to provide reasonably safe walking conditions for employees to work, when the defendant knew or should have known that said conditions existed;

(e) failing to use ordinary care to service and/or maintain the walkway and surrounding area a reasonably safe condition and in a condition free from the hazardous conditions;

(f) failing to use ordinary care to properly inspect the subject yard area to ensure that same was in reasonably safe condition and free of hazardous conditions;

(g) failing to comply with governmental and/or other applicable safety regulations and/or guidelines concerning the maintenance, operation and/or use of the subject walkway and surrounding area.

(h) failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous conditions of the work area and the dangerous working conditions involving the work area as more fully described above; and

(i) failing to provide plaintiff with a reasonably safe place to work by requiring plaintiff to perform his job duties in the immediate presence of the walkway obstruction and dangerous footing condition which posed an unreasonable risk of harm to plaintiff.

14.  As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was caused to suffer serious, permanent and disabling injuries, severe shock to his nerves and nervous system, aggravation, acceleration and/or activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of, any other personal injuries he may have sustained, plaintiff suffered injuries to his right foot by reason of which

he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

15. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was obliged to expend significant sums of money for medical treatment and will be required to expend considerable amounts of money into the future for medical care in order to effect a cure and/or diminution of his injuries.

16. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restrict of his usual activities, pursuits and pleasures.

17. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses and/or losses.

18. The injuries sustained by plaintiff were caused solely and proximately by the negligence of the defendant, its agents, servants and/or employees and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the plaintiff.

**WHEREFORE**, plaintiff Jospeh Biagioni demands judgment in his favor and against defendants Massachusetts Bay Commuter Rail Company, LLC in an amount in excess of $75,000.00 together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

**A jury trial is demanded.**

## COUNT II: NEGLIGENCE
(Joseph Biagioni v. MBTA)

19. Plaintiff Joseph Biagioni hereby restates and reavers as though fully set forth herein the averments contained in Paragraphs 1-18 hereinabove.

20. Upon information and belief the Fitchburg Yard was owned by MBTA.

21. At all times material hereto, MBTA hired MBCR to run MBTA trains using MBTA railcars, including the locomotive control car, in and around the terminal area for use in MBTA's business of running trains.

22. At all times material hereto, MBTA knew that MBCR would have MBCR employees such as Mr. Biagioni run the MBTA trains and use the MBTA railcars, in and around the MBTA facilities.

23. MBTA negligently failed to exercise reasonable care to make sure the Boston Engine Terminal and surrounding areas were safe for use by MBCR employees.

24. MBTA negligently failed to discover that the Fitchburg Yard and surrounding area caused dangerous conditions and negligently failed to inform MBCR and MBCR employees of the dangerous conditions of the facility and its walkways.

25. As a result of MBTA's negligence as averred above, Mr. Biagioni suffered the injuries set forth in Paragraphs 13-18, above.

**WHEREFORE**, plaintiff Joseph Biagioni demands judgment in his favor and against defendant Massachusetts Bay Transportation Authority in an amount in excess of $75,000.00 together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

**A jury trial is demanded.**

Dated: 1/24/11

MYERS LAFFERTY LAW OFFICES, P.C.

BY: *(signature)*
William L. Myers, Jr., Esq.
BBO#: 666006
1515 Market Street, Suite 810
Philadelphia, PA 19102
(215)988-1229